UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT LIDOWITZ,

                              Plaintiff,                    **ORDER**
                                                            CV 12-0465 (LDW)(ARL)

       -against-

RITE AID CORPORATION and RITE AID OF
NEW YORK, INC. d/b/a RITE AID,

                              Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the parties' motion for a stipulated protective order. (Doc. No. 17.) For the reasons set forth below, the parties' motion is granted, except as to paragraph 6 of the Stipulation and Protective Order For Production and Exchange of Confidential Information (hereinafter "Stipulated Protective Order").

      Paragraph 6 of the Stipulated Protective Order states in pertinent part:

> if any paper which incorporates any Confidential and Protected Materials or reveals the contents thereof if filed in this Court, those portions of the papers shall be delivered to the Court, unredacted, enclosed in a sealed envelope bearing the caption of this action, and indication of the nature of the contents. . . . A redacted copy of the papers filed with Court [sic] under seal shall be filed by ECF.

(Stipulated Protective Order, filed October 11, 2012, ¶ 6.)

      The Supreme Court observed in *Seattle Times Co. v. Rhinehart* that protective orders issued upon a showing of good cause as to materials produced in civil discovery, are consistent with the First Amendment because "restraints placed on discovered, but not yet admitted information are not a restriction on a traditionally public source of information." 467 U.S. 20, 33, 37 (1983). Once protected discovery materials are used in court filings, however, the common law right of the public "to inspect and copy . . . judicial records and documents" is implicated and gives rise to a presumption of access to judicial documents. *Nixon v. Warner Communic'ns, Inc.*, 435 U.S. 589, 597 (1978). "The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). That being said, whether the presumption of access arises under the common law or the First Amendment, "documents may be kept under seal if countervailing factors in the common law framework or higher values in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

  The parties' agreement in paragraph 6 to file with the Court an entire document under seal, without more, is not a sufficient basis for granting such an order. *See United States v. Aref*, 533 F.3d 72, 81-83 (2d Cir. 2008) ("district courts [should] avoid sealing judicial documents in their entirety unless necessary [since t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence"). If either party wants to designate anything filed with, or presented to, the Court as confidential and place it under seal, that party must make a separate motion in accordance with the instructions on filing a motion for leave to e-file a sealed document in this district (which are located at www.nyed.uscourts.gov), specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978); *United States v. Graham*, 257 F.3d 143, 150 (2d Cir. 2001). Upon a showing of compelling circumstances, this Court may order certain records to be sealed based on the undersigned's document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

Dated: Central Islip, New York      **SO ORDERED:**
   October 15, 2012

                  _____/s_____
                  ARLENE R. LINDSAY
                  United States Magistrate Judge